**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Edward Haskins and Barbara Ann Haskins,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Brian T. Moynihan, *et al.*,<br><br>　　　　Defendants. | No. CV-10-1000-PHX-GMS<br><br>**ORDER** |

　　　　The following motions and filings are currently pending before the Court: (1) two Motions to Dismiss (Dkt. ## 7; 9) filed by Defendants Bear Stearns, John Vella, BAC Home Loans Servicing LP, Bank of America, Countrywide Homeloans, Inc., Mortgage Electronic Registration Systems, Inc., and Recontrust Company, N.A. (collectively "Moving Defendants"); (2) the Motion to Quash Service of Summons (Dkt. # 10) filed by Defendants R. K. Arnold, Angelo Mazilo, Brian T. Moynihan, and James Taylor (collectively "the Individual Defendants"); (3) the Motion to Strike (Dkt. # 38) filed by Defendants John Vella and Bear Sterns; (4) the Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. # 40) filed by Plaintiffs Michael and Barbara Haskins ("Plaintiffs"); (6) Plaintiffs' June 29, 2010 Amended Complaint (Dkt. # 42), which was filed without leave of the Court; and (7) Plaintiffs' Motion for Leave to Amend (Dkt. # 43), which was filed several days after Plaintiffs filed their Amended Complaint. As set forth below, the Court denies Plaintiffs'

request for injunctive relief, grants each of Defendants' Motions, and orders that Plaintiffs' Amended Compliant be stricken. Finally, the Court denies Plaintiffs' Motion for Leave to Amend.

**DISCUSSION**

**I.    Plaintiffs' Motion for Temporary Restraining Order & Preliminary Injunction**

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary injunction or Temporary Restraining Order ("TRO") upon a proper showing. The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a preliminary injunction or TRO, a plaintiff must show either "(a) probable success on the merits combined with the possibility of irreparable injury or (b) that [it] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained that "these two alternatives represent 'extremes of a single continuum,' rather than two separate tests. Thus, the greater the relative hardship to the moving party, the less probability of success must be shown." *Immigrant Assistant Project of L.A. County Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

Plaintiffs do not set forth facts sufficient for injunctive relief. While Plaintiffs contend that they have been subjected to a wrongful foreclosure and various violations of state and federal law, they fail to set forth specific facts suggesting a likelihood of success on the merits. Several of Plaintiffs' arguments appear to allege that Defendants have failed to produce the original note securing Plaintiffs' mortgage. Another Division of this Court, however, has already rejected this "show me the note" argument. *See Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp.2d 1178, 1181 (D. Ariz. 2009) (holding that Arizona law "do[es] not require presentation of the original note before commencing foreclosure proceedings"). Relying on Arizona Revised Statute § 47-3301, the *Mansour* court held, "The UCC pertaining to negotiable instruments, as codified in Arizona at title 47,

chapter 3, provides that 'persons entitled to enforce an instrument [include] the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder[,] *or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3309.*'" *Id.* (internal quotation marks omitted). The Court agrees with *Mansour's* analysis. Accordingly, to the extent that Plaintiffs contend that Defendants are required to produce the original note to foreclose on their property, that claim fails. And while Plaintiffs further contend that Defendants do not have authority to foreclose on his property, they fail to explain the *legal* and *factual* basis for their belief that Defendants are legally prohibited from exercising a right of foreclosure due to Plaintiffs' alleged default.

Plaintiffs also contend that the note has been "securitized" by Defendants. Plaintiffs fail, however, to explain why this is a legal basis that entitles them to relief. (*See* Dkt. # 10 at 2.) Plaintiffs do not point to any law indicating that securitization of a mortgage is unlawful. *See Colonial Savings, FA v. Gulino*, 2010 WL 1996608, at *4 (D. Ariz. May 19, 2010) (rejecting a breach of contract claim premised on a lending institution's decision to securitize and cross-collateralize a borrower's loan). And while Plaintiffs appear to allege that Defendants committed fraud when they securitized the note without Plaintiffs' consent, Plaintiffs fail to set forth facts suggesting that Defendants ever indicated that they would not bundle or sell the note in conjunction with the sale of mortgage-backed securities.

Plaintiffs further appear to allege that Defendants were not the true source of the money loaned to Plaintiffs for their mortgage. Even assuming this allegation is true, it is unclear how it provides Plaintiffs with a basis for relief. To the extent Plaintiffs are alleging a claim for fraud or breach of contract, Plaintiffs fail to explain how they were harmed by the fact that their loan was funded by someone other than the Defendants. *See Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982) (holding that an injury is a necessary element of a claim for fraud); *Clark v. Compania Ganadera De Cananea, S.A.*, 95 Ariz. 90, 94, 387 P.2d, 235, 238 (1963) (holding that damages are a necessary part of a breach of contract claim under Arizona law). Because Plaintiffs have failed to demonstrate a likelihood of success on the merits, their request for injunctive relief

1  is denied.

## II. Moving Defendants' Motion to Dismiss

To survive a dismissal for failure to state a claim under to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And while "[a]ll allegations of material fact are taken as true and construed in the light most favorable" to the non-moving party, *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996), "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (internal quotations marks omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Where a complainant seeks relief on the basis of fraud, Federal Rule of Civil Procedure 9(b) further requires the complaint to specify the "who what when, where, and how of the misconduct alleged." *See Kearns*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud . . . .") (internal quotation marks omitted).

Despite the length of their 127-page Complaint, Plaintiffs make no individualized allegations about any of the Defendants and make no attempt to describe the role of each Defendant. Instead, Plaintiffs' complaint appears to be an almost identical copy of a complaint rejected by this Court in at least two unrelated, but similar, cases. *See, e.g.*, *Steiniger v. Gerspach*, No. CV-10-8087-PCT-GMS (D. Ariz. July 1, 2010) (dismissing virtually identical complaint as the one presently at issue); *Przybylski v. Stumpf*, No. CV-10-8073-PCT-GMS, 2010 WL 2025393 (D. Ariz. May 19, 2010) (dismissing a request for a TRO premised on an almost identical complaint). As with the previously rejected complaints, Plaintiffs devote significant attention to the definition of legal terms such as "*malum in se*," "barratry crimes," and "champerty crimes." It is unclear, however, why these terms of art,

which pertain to criminal matters, are relevant in a civil action involving Defendants' alleged wrongful foreclosure. (Dkt. # 1, Ex. A at 11–12.) To the extent that Plaintiffs quote several criminal statutes at length, it is entirely unclear why these statutes are relevant to the instant civil case. Plaintiffs also quote excerpts from Minnesota case law, discuss "modern money mechanics," and explain "how banks create money." (Dkt. # 1, Ex. A at 75, 83–85.) Such allegations and legal summaries do not explain or provide a legal or factual basis upon which Plaintiffs can obtain relief.

Although *pro se* litigants are generally held to less stringent pleading standards, they must still plead sufficient facts stating a plausible claim for relief. Here, Plaintiffs allege that Defendants have attempted to initiate a wrongful foreclosure proceeding. As discussed above, however, Plaintiffs fail to provide *any* facts explaining *why* the foreclosure proceedings are unlawful and *how* each defendant is involved with the wrongful conduct. They also fail to plead their fraud-based claims with the particularity required by Federal Rule of Civil Procedure 9(b). With respect to claims premised on fraud, Plaintiffs fail to allege facts specifying the "who what when, where, and how of the misconduct alleged." *See Kearns*, 567 F.3d at 1124. Rather than provide anything in the way of true substance, Plaintiffs have merely set forth legal definitions and statutory language that are highly irrelevant to Defendants' alleged misconduct. Plaintiffs' claims, therefore, are dismissed without prejudice.

**III. Individual Defendants Motion to Quash Service of Summons**

Under the Federal Rules of Civil Procedure, service upon an individual may be made by "delivering a copy of the summons and of the complaint to the individual personally; . . . leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; . . . [or] delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). In addition, Arizona law provides that service may be made upon an individual residing outside the state by delivering the pleadings by certified mail "to the person to be served." Ariz. R. Civ. P. 4.2(c). Service by mail, however, is not effective until "return through the

post office of the signed receipt" and the filing of an affidavit demonstrating that service was made. *Id.*

Based on their undisputed[1] Declarations, the Individual Defendants have not been properly served in this case. (*See* Dkt. # 10 at 5–11.) According to the uncontroverted record, service has not been made on the Individual Defendants personally or at their homes. Though it appears that Plaintiffs have attempted to serve the Individual Defendants by mailing a copy of the summons to their workplace, "[l]eaving a copy of the summons and complaint at a place of business does not satisfy the "abode" method of service under Rule 4." *See*, *Gerritsen v. Escobar Y Cordova*, 721 F. Supp. 253, 256 (C.D. Cal. 1988) (citations omitted), *aff'd sub nom.*, *Gerritsen v. Colsulado Gen. de Mexico*, 989 F.2d 340 (9th Cir. 1993), *cert. denied*, 510 U.S. 828 (1993). The record further provides that Plaintiffs have not delivered the pleadings to an agent authorized to accept service of process. "[A]ny agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process." *Nelson v. Swift*, 271 F.2d 504, 505 (D.C. Cir. 1959) (affirming district court's grant of defendant's motion to quash) (internal quotations omitted). The Individual Defendants uncontroverted Declarations provide that none of the businesses, to which Plaintiffs sent the summons and pleadings, were authorized to accept service on the Individual Defendants' behalf. (Dkt. # 10 at 6–11.) And while Plaintiffs aver that they have effected service by delivering a summons and compliant to the Individual Defendants' attorney, "Plaintiff[s] have presented no evidence that [Defendants'] attorney . . . is [their] agent for service of process." *See Kruska v. Perverted Justice Found., Inc.*, 2009 WL 4041941, at *1 (D. Ariz. Nov. 16, 2009) (citing *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1248–49 (9th Cir. 1987) (stating that service on an attorney is insufficient unless the attorney has actual authority from the client to accept service on the client's behalf)).

Additionally, the record indicates that Plaintiffs have not properly effected service by

---

[1] While Plaintiffs contend that service has not been effected in this case, they do not appear to dispute the facts set forth in the Individual Declarations.

certified mail in accordance with Arizona law. Under the Arizona Rules of Civil Procedure, a party seeking to effect service by certified mail must file an affidavit with the appropriate court attesting that service has been effected in accordance with Rule 4.2(c).[2] The affidavit then serves as "prima facie evidence of personal service of the summons and the pleading." *See* Ariz. R. C. P. 4.2(c). But while "[p]rima facie evidence of a particular fact raises a rebuttable presumption" of that fact, it does not "conclusively establish . . . that fact." *See Barlage v. Valentine*, 210 Ariz. 270, 277, 110 P.3d 371, 378 (Ct. App. 2005) (citation omitted). Hence, the rebuttable presumption of service can "be impeached . . . by clear and convincing evidence" to the contrary. *Id.* (quotation marks omitted). To the extent Plaintiffs' affidavits create a rebuttable presumption of service in this case (*see* Dkt. # 32–39), the Court finds that the Individual Defendants have presented sufficient evidence to rebut that presumption. In their Declarations, the Individual Defendants present uncontroverted affidavit evidence disputing the "accuracy" and "use" of the mailing addresses to which Plaintiffs attempted to effect service. *See id.* (holding that service had been effected under Rule 4.2(c) because the defendants "did not dispute the accuracy or repeated use of [the] mailing address" at issue). According to the undisputed Declarations, Defendant John Murphy works and resides in Virginia and has not authorized personal mail to be sent to the address in Michigan utilized by Plaintiffs. (*See* Dkt. # 10 at 8.) Similarly, the Declarations indicate that neither Angelo Mozilo, James Taylor, nor Brian T. Moynihan reside or have authorized mail to be sent to the addresses used by Plaintiffs. In fact, it appears that Mozilo and Taylor do not even work for the businesses to which Plaintiffs mailed the summons and complaint.

Because the record indicates that service has not been properly effected on the

---

[2]Specifically, Rule 4.2(c) requires that "the serving party shall file an affidavit with the court stating (1) that the party being served is known to be located outside the state, (2) that the summons and a copy of the pleading were dispatched to the party being served; (3) that such papers were in fact received by the party as evidence by the receipt, a copy of which shall be attached to the affidavit; and (4) the date of receipt by the party being served and the date of the return of the receipt to the sender."

Individual Defendants, their Motion to Quash Service of Summons is granted. Nevertheless, Federal Rule of Civil Procedure 4(m) requires service of process within one-hundred and twenty (120) days from the filing of a complaint. Plaintiffs, therefore, still have time to effect service. Because the Original Complaint was filed on April 30, 2010, Plaintiffs have fifty-eight (58) days remaining, or until August 28, 2010, to effect service on the Individual Defendants.

## IV. Defendants' Motion to Strike

The Court grants the Motion to Strike filed by Defendants John Vella and Bear Stearns Residential Mortgage Corporation. Specifically, these Defendants move to strike nine filings identified by Plaintiffs as "Judicial Notices." (*See* Dkt. ## 13–18, 21–23.) To the extent Plaintiffs seek judicial notice of these documents pursuant to Federal Rule of Evidence 201, the Court finds that these filings are not the proper subject of judicial notice. Moreover, because these documents are not proper filings under the Federal Rules of Civil Procedure and the Local Rules of this District, the Court orders these items stricken from the docket And though Defendants have not moved to strike "Judicial Notices 10–11" (*see* Dkt. # 30–31.), the Court strikes these filings on its own motion.

## V. Plaintiffs' Amended Complaint

On June 29, 2010, Plaintiffs filed an Amended Complaint. They did not, however, seek leave of this Court to file that amended pleading. Federal Rule of Civil Procedure 15(a) provides that a plaintiff may amend its complaint "once as a matter of course within 21 days after serving it" or "within 21 days after service of a motion under Rule 12(b)." Otherwise, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs served at least one of the Defendants in this case as early as April 12, 2010. (*See* Dkt. # 39.) Meanwhile, the first motion to dismiss pursuant to 12(b)(6) was filed on May 14, 2010. (*See* Dkt. # 7.) Because the time period for filing an Amended Complaint as a matter of course has expired, and because Plaintiffs filed their Amended Complaint without leave to amend, their June 29, 2010 complaint is stricken.

**VI.     Plaintiff's Motion for Leave to Amend**

Several days *after* filing their Amended Complaint, Plaintiffs filed their Motion for Leave to Amend. The Court, however, denies Plaintiffs' Motion because they failed to attach a proposed amended compliant to their filing. Motions and stipulations for leave to amend are governed by Local Rule of Civil Procedure 15.1. Under that Rule, "A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation." LRCiv 15.1. The Rule further provides that "[t]he proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits." *Id.* This way, the Court can carefully consider Plaintiffs' motion for leave to amend, evaluate the proposed amendment, and then determine whether leave to amend is appropriate. Pursuant to Federal Rule 15(a)(2), leave to amend should be freely granted when justice so requires; however, where amendment is futile, courts need not grant leave to amend. *See Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

Should Plaintiffs again seek leave to amend, they are advised that any proposed complaint must adhere to the Federal Rules of Civil Procedure to avoid dismissal. First, Plaintiffs must provide sufficient facts explaining what rights they believe were violated, the name of the person, persons, or entities who committed each violation, *exactly* what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiffs' rights, and what specific injury Plaintiffs suffered because of the other person's conduct. *See Rizzo v. Goode,* 423 U.S. 362, 371–72, 377 (1976). Each claim of an alleged violation must also be set forth in a separate count.

If Plaintiffs seek leave to file another amended complaint, Plaintiffs are further advised to give special attention to Federal Rule of Civil Procedure 8(d)(1), which requires "each averment of a pleading to be 'simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citation omitted). A complaint will generally be dismissed if it is so "verbose, confused, and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). "Something labeled a

complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. In order to assist litigants to understand the Rule 8(d) requirements that averments "be simple, concise and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *Id.* at 1177. Examples of complaints for different types of claims are contained in forms 10 through form 21.

To the extent Plaintiffs again seek leave to amend, they are also advised to remove the portions of the original complaint identified as irrelevant in this Order and add relevant factual allegations sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. To a small extent, it appears that Plaintiffs have attempted to do this in their improperly filed June 29, 2010 complaint. Nevertheless, even if Plaintiffs had attached that pleading to their Motion for Leave to Amend, the Court would deny the Motion because that pleading does not cure all of the Original Complaint's deficiencies identified in this Order. Plaintiffs are *further* advised to carefully review their proposed complaint, remove unnecessary and repetitive allegations, and organize that document in clear and concise manner.[3] Plaintiffs are also advised that if they fail to comply with the Court's instructions, their case may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry,* 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with rule 8(a)).

**IT IS THEREFORE ORDERED:**

(1) Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction

---

[3]Additionally, it is unclear whether Plaintiffs intended to bring this case against Bank of America N.A., BAC Home Loans Servicing LP, Recontrust Company N.A., Mortgage Electronic Registration Systems, Inc., and Countrywide Home Loans Inc. These entities moved to dismiss in an abundance of caution and their motion has been granted. To the extent that Plaintiff seeks to bring claims against any or all of these entities, Plaintiffs *must* make their intent clear in the caption and text of any proposed amended complaint.

(Dkt. # 40) is **DENIED**.

(2) The Moving Defendants' Motions to Dismiss (Dkt. ## 7; 9) are **GRANTED**. Defendants Bear Stearns, John Vella, BAC Home Loans Servicing LP, Bank of America, Countrywide Homeloans, Inc., Mortgage Electronic Registration Systems, Inc., and Recontrust Company, N.A. shall be **DISMISSED** from this case without prejudice.

(3) The Individual Defendants' Motion to Quash Service (Dkt. # 10) is **GRANTED**. Plaintiffs shall have until **August 28, 2010** to effect service of process on R. K. Arnold, Angelo Mazilo, Brian T. Moynihan, and James Taylor. Should Plaintiffs fail to provide proof of service by that date, the Clerk of Court is directed to **TERMINATE** these Defendants without prejudice.

(4) The Motion to Strike (Dkt. # 38) filed by Defendants John Vella and Bear Stearns Residential Mortgage Corporation is **GRANTED**. The Clerk of Court is directed to **STRIKE** Plaintiffs' "Judicial Notices" (Dkt. ## 13–18, 21–23, 30–31).

(5) The Clerk of Court is directed to **STRIKE** Plaintiffs' June 29, 2010 Amended Complaint (Dkt # 42).

(6) Plaintiffs' Motion for Leave to Amend (Dkt. # 43) is **DENIED** for failure to comply with Local Rule of Civil Procedure 15.1.

(7) Should Plaintiffs again seek to file an amended complaint, they must first request leave of the Court and strictly adhere to Federal Rule of Civil Procedure 15 and Local Rule 15.1.

DATED this 6th day of July, 2010.

G. Murray Snow
United States District Judge