1    **WO**

2    NOT FOR PUBLICATION

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Michael Edward Haskins and Barbara Ann )    No. CV-10-1000-PHX-GMS
     Haskins,                              )
10                                          )    **ORDER**
                    Plaintiffs,             )
11                                          )
     vs.                                    )
12                                          )
                                            )
13   Brian T. Moynihan, *et al.*,           )
                                            )
14                  Defendants.             )
                                            )
15   _____)

16

17          Pending before the Court are Plaintiffs' Motion for Leave to File a Second Amended

18   Complaint (Doc. 51) and Plaintiffs' Motion for Temporary Restraining Order ("TRO") (Doc.

19   50). For the following reasons, the Court grants the Motion for leave to amend and denies

20   the Motion for temporary restraining order.

21          This case arises out of a lending transaction, in which Plaintiffs sought to finance their

22   home with a note and deed of trust. Plaintiffs generally allege that various entities failed to

23   provide accurate disclosures as required by Arizona and federal law, engaged in a series of

24   fraudulent acts related to the securitization of their mortgage, and attempted to foreclose on

25   the deed of trust without proper authorization. On July 6, 2010, the Court entered an Order

26   denying Plaintiffs' previous motion for temporary restraining order and preliminary

27   injunction because Plaintiffs had failed to show a likelihood of success on the merits. (Doc.

28   44). In the same Order, the Court dismissed claims against several Defendants and granted

a motion to quash service with respect to the remaining Defendants. The Court also denied Plaintiffs' previous motion to amend for failure to comply with Local Rule of Civil Procedure 15.1. Therefore, after the July 6 Order, Plaintiffs had no claims asserted against any served Defendants.

On August 10, Plaintiffs filed a new Motion for leave to amend, along with their Motion for a temporary restraining order. The new proposed amended complaint brings claims against multiple individuals, who are officers of various corporations alleged to have been involved in Plaintiffs' lending transaction.

## DISCUSSION

As a preliminary matter, the Court grants Plaintiffs' Motion for leave to amend because amendment should be freely granted and because the July 6 Order granted dismissal of Plaintiffs' claims without prejudice. Nonetheless, granting amendment does not render Plaintiffs' request for a TRO proper.

A preliminary injunction or TRO generally may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a). The Court may issue a TRO without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Here, it appears that Plaintiffs have failed to provide notice to any of the Defendants or their attorneys. Plaintiffs also do not include an affidavit or a verified complaint that shows how immediate and irreparable injury would result before Plaintiffs had a chance to serve the Defendants. Plaintiffs also do not certify in writing any efforts to give notice or reasons why notice should not be required. Accordingly, the Court denies the Motion for TRO.

Even if Plaintiffs had provided proper notice, a TRO would still be improper. "The standard for issuing a [temporary restraining order] is the same as that for issuing a preliminary injunction." *Phillips v. Fremont Inv. & Loan*, 2009 WL 4898259, at *1 (D. Ariz. Dec. 11, 2009) (citing *Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F.

Supp. 2d 1152, 1154 (D. Haw. 2007)).  Therefore, a district court may grant a preliminary injunction or temporary restraining order under two sets of circumstances.  *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).  Under the traditional criteria, a plaintiff must demonstrate: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Id.* (internal quotations omitted).  Alternatively, a temporary restraining order or preliminary injunction is appropriate "if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of the hardships tips sharply in [its] favor." *Id.* (internal quotations omitted).  While a showing of serious questions on the merits is a lower standard than showing probable success, Plaintiffs nonetheless must demonstrate at least a "fair chance of success." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987).

Plaintiffs' Motion for TRO does not explain how they have either demonstrated probable success on the merits or raised serious questions on the merits.  Without commenting on the underlying issue of whether some entities may have failed to provide proper disclosures, engaged in various fraudulent schemes, and/or initiated wrongful foreclosure proceedings, the face of the second amended complaint indicates that Plaintiffs are unlikely to demonstrate liability against any of the Defendants.[1]  Unlike the initial complaint, which sued several corporate entities that were allegedly involved in Plaintiffs' loan transaction, the second amended complaint sues only the *individual* officers of these corporations.  A corporation, however, is a "separate legal entity from its shareholders,

---

[1] While the Court need not decide whether Plaintiffs' claims would have merit if properly pled against the corporations and individuals involved in the loan transaction, the Court is likely to follow the reasoning explained in the July 6 Order with respect to at least three types of arguments: (1) any argument that Arizona law requires presentation of the original note before commencing foreclosure proceedings, (2) any claims based solely on the fact that Plaintiffs' note was "securitized," and (3) any assertion that certain entities were not the true source of the money loaned to Plaintiffs for their mortgage. (Doc. 44).

directors, and officers." *State v. Angelo*, 166 Ariz. 24, 27, 800 P.2d 11, 14 (Ct. App. 1990). "Corporate officers and directors are generally shielded from liability for acts done in good faith on behalf of the corporation" unless they commit "intentionally harmful or fraudulent conduct," *see Albers v. Edelson Technology Partners L.P.*, 201 Ariz. 47, 52, 31 P.3d 821, 826 (Ct. App. 2001), or unless the corporation is the "alter ego or business conduit of a person, and . . . to observe the corporation would work an injustice[,]" *Ize Nantan Bagowa, Ltd. v. Scalia*, 118 Ariz. 439, 442, 577 P.2d 725, 728 (Ct. App. 1978). Plaintiffs allege no facts and make no argument suggesting that the individual Defendants are liable for any acts allegedly committed by the various corporations mentioned in the second amended complaint. To the contrary, the second amended complaint focuses almost entirely on the actions of the corporations, which are not listed as Defendants. Accordingly, Plaintiffs have not demonstrated a probable success on the merits, nor have Plaintiffs raised serious questions regarding the merits. Should Plaintiffs seek leave to file a third amended complaint, it would have to demonstrate the bases for liability against all entities and individuals named as defendants.

　　　　**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 51) is **GRANTED**. Plaintiffs are directed to file and serve the amended pleading on all parties under Rule 5 of the Federal Rules of Civil Procedure **within 14 days** of the date of this Order.

　　　　**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Temporary Restraining Order ("TRO") (Doc. 50) is **DENIED** without prejudice to Plaintiffs' filing of a motion for leave to file a third amended complaint in compliance with this Order.

　　　　DATED this 12th day of August, 2010.

G. Murray Snow
United States District Judge