**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Edward Haskins and Barbara Ann Haskins,<br><br>   Plaintiffs,<br><br>vs.<br><br>Brian T. Moynihan, *et al.*,<br><br>   Defendants. | No. CV-10-1000-PHX-GMS<br><br>**ORDER** |

Plaintiffs Michael Haskins and Barbara Haskins have filed several motions, which are currently pending before the Court: (1) Motion for Clarification re: How Much Time Remains for Service (Doc. 55), (2) Motion for Reconsideration of Plaintiff's Petition for Emergency Petition for a Temporary Restraining Order ("TRO") (Doc. 55), (3) Motion to Extend Time to Serve Defendants: Mary Haggerty and Michael R. Zarro Jr., (Doc. 55) and (4) Motion for Stay of All Non-Judicial Proceedings (Doc. 56). The Court denies all motions.

Regarding the time remaining for service, the Court directs Plaintiffs to the Court's July 6 Order granting certain Defendants' motion to quash service (Doc. 44) and to the Court's August 19 Amended Order denying Plaintiffs' request for a TRO (Doc. 54). In the July 6 Order, the Court informed Plaintiffs that they had until August 28, 2010 to effect service of the *initial complaint* on R.K. Arnold, Angelo Mazilo, Brian T. Moynihan, and

James Taylor. If Plaintiffs choose not to serve these Defendants by that date, Plaintiffs' initial complaint will be terminated. The Court's August 19 Amended Order referenced the proposed *second amended complaint*. Should Plaintiffs seek to proceed with their second amended complaint, the August 19 Order directed Plaintiffs to *file* the second amended complaint (not simply to lodge it) with the Court and then to *serve* it in accordance with Federal Rule of Civil Procedure 4 and any other applicable rules.

Therefore, Plaintiffs' motion to extend time for service is without merit. Plaintiffs seek extra time to serve Mary Haggerty and Michael R. Zarro Jr., but those individuals were not listed as Defendants in Plaintiffs' initial complaint, which is the only complaint currently pending before the Court. Although Ms. Haggerty and Mr. Zarro are listed as Defendants in the proposed second amended complaint, Plaintiffs have not yet properly filed the second amended complaint. Plaintiffs cannot properly serve Ms. Haggerty and Mr. Zarro until the proposed second amended complaint is filed with the Court.

As Plaintiffs' motion for reconsideration and motion for stay of non-judicial proceedings make essentially the same arguments and seek the same relief, the Court considers the motions together as one motion for reconsideration. A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." L. R. Civ. P. 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *See Ross v. Arpaio*, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Nor is a motion for reconsideration a proper method to "ask the court to rethink what the court had already thought through—rightly or wrongly.'" *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (internal quotations omitted).

Plaintiffs have not presented any argument, new or otherwise, that would incline the Court to rethink its denial of a TRO. As the Court previously explained, "[c]orporate officers and directors are generally shielded from liability for acts done in good faith on

1 | behalf of the corporation" unless they commit "intentionally harmful or fraudulent conduct,"
2 | *see Albers v. Edelson Technology Partners L.P.*, 201 Ariz. 47, 52, 31 P.3d 821, 826 (Ct. App.
3 | 2001), or unless the corporation is the "alter ego or business conduit of a person, and . . . to
4 | observe the corporation would work an injustice[,]" *Ize Nantan Bagowa, Ltd. v. Scalia*, 118
5 | Ariz. 439, 442, 577 P.2d 725, 728 (Ct. App. 1978).  Although Plaintiffs maintain in their
6 | motions that the individual defendants, who are merely officers of various corporations, are
7 | liable, Plaintiffs point to no facts alleged in any complaint that would establish individual
8 | liability.  As the Court previously explained, Plaintiffs may, if they choose, seek leave to file
9 | a third amended complaint either to allege facts supporting claims of individual liability or
10 | to assert claims against the corporations that were involved with the alleged loan transaction.

**IT IS THEREFORE ORDERED** that the following motions are **DENIED**: (1) Motion for Clarification re: How Much Time Remains for Service (Doc. 55); (2) Motion for Reconsideration of Plaintiff's Petition for Emergency Petition for a Temporary Restraining Order ("TRO") (Doc. 55); (3) Motion to Extend Time to Serve Defendants: Mary Haggerty and Michael R. Zarro Jr., (Doc. 55); and (4) Motion for Stay of All Non-Judicial Proceedings (Doc. 56).

DATED this 23rd day of August, 2010.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge