**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Edward Haskins and Barbara Ann Haskins,<br><br>          Plaintiffs,<br><br>vs.<br><br>Brian T. Moynihan, *et al.*,<br><br>          Defendants. | No. CV-10-1000-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendant R.K. Arnold's ("Arnold") Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 72) and Plaintiffs' Motion to Remand (Doc. 74). For the reasons set forth herein, the Court grants Defendant Arnold's Motion to Dismiss and denies Plaintiffs' Motion to Remand.

**BACKGROUND**

This case arises out of a lending transaction, in which Plaintiffs sought to finance their home with a note and deed of trust. Plaintiffs generally allege that various entities failed to provide accurate disclosures as required by Arizona and federal law, engaged in a series of fraudulent acts related to the securitization of their mortgage, and attempted to foreclose on the deed of trust without proper authorization.

On August 17, 2010, the Court granted Plaintiffs leave to file a Second Amended Complaint, advising Plaintiffs of the facial deficiency of that complaint, and permitting them to correct the deficiencies should they choose to file a third amended complaint. (Doc. 54).

1  On August 27, 2010, Plaintiffs filed the Second Amended Complaint, which brings claims against officers of the various corporations alleged to have been involved in Plaintiffs' lending transaction. (Doc. 59). Defendants Arnold, Mazilo, Moynihan, and Taylor filed a second Motion to Quash Service of Process on September 3, 2010. (Doc. 60). The motion was granted with directions from the Court that Plaintiffs must properly serve the defendants pursuant to rule 4 of the Federal Rules of Civil Procedure. (Doc. 68). Defendant Arnold subsequently filed a Motion to Dismiss Plaintiffs' Second Amended Complaint, asserting that Plaintiff had failed to state a claim upon which relief could be granted, that personal jurisdiction did not exist, and that Plaintiffs had no standing to sue. (Doc. 72). Plaintiffs' in their Response denied the allegations in Defendants' Motion to Dismiss, alleged that Defendants "instructed other corporate officers, agents and/or employees to commit the felonious acts that have harmed Plaintiff [sic]", and asserted that the Court lacked jurisdiction to adjudicate this case. (Doc. 73).

Plaintiffs then filed a Motion to Remand, asserting that the Court should decline jurisdiction over this case based upon an unspecified doctrine of abstention. (Doc. 74). Defendants' Response to Motion for Remand asserts that abstention is not appropriate in this case, and that jurisdiction is properly vested in this Court. (Doc. 75).

**DISCUSSION**

**1.    Failure to state a claim–12(b)(6)**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

- 2 -

misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

As the Court noted in its August 17, 2010 Order, Plaintiffs "allege no facts and make no argument suggesting that the individual Defendants are liable for any acts allegedly committed by the various corporations mentioned in the Second Amended Complaint." Plaintiffs merely offer the conclusion that Arnold "caused events to occur" through his position within the corporation. This general allegation does not provide the Court with a sufficient factual basis from which it could draw the "reasonable inference" that Arnold is liable for any alleged misconduct. As the Court informed Plaintiffs in its August 17, 2010 Order, "corporate officers and directors are generally shielded from liability for acts done in good faith on behalf of the corporation[.]" Even viewing all facts in the light most favorable to Plaintiffs, Plaintiffs have not asserted sufficient facts for the Court to find more than a sheer possibility that Defendant has acted unlawfully. Thus, because Plaintiffs have failed to state a claim that is plausible on its face and have not attempted to remedy the facially deficient Second Amended Complaint, Plaintiffs' Second Amended Complaint is dismissed with prejudice as to Arnold.[1]

---

[1] In the Court's August 17, 2010 Order, Plaintiffs were advised that they may be permitted to file a motion for leave to file a third amended complaint in order to remedy the

**2.      Failure to serve–4(m)**

In an October 12, 2010 Order, Plaintiffs were directed to properly serve Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, and were warned that failure to comply with the rules would result in the dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Plaintiffs also had been advised in a previous order that Federal Rule of Civil Procedure 4(m) requires a defendant to be served within 120 days after the complaint has been filed. (Doc. 44). The Second Amended Complaint was filed on August 27, 2010. (Doc. 59). Plaintiffs' deadline to effectuate service upon all parties was thus, December 25, 2010. To date, only Defendant Arnold has been properly served. (Doc. 77). Because Plaintiffs have failed to properly serve all Defendants the other named Defendants within the 120 day limit imposed by Rule 4(m), the Court must dismiss this action against those defendants who have not been served with prejudice.

**IT IS THEREFORE ORDERED**:

1. Defendant Arnold's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 72) is **GRANTED** with prejudice;

2. Plaintiffs' Motion to Remand (Doc. 74) is **DENIED** as moot;

3. Plaintiffs' Second Amended Complaint is dismissed with prejudice for failure to comply with Rule 4(m), as to Defendants Moynihan, Taylor, Mazilo, Zarro and Haggerty.

4. The Clerk of the Court is directed to **TERMINATE** this action.

DATED this 3rd day of February, 2011.

_____
G. Murray Snow
United States District Judge

---

deficiencies noted in the Second Amended Complaint. To date, Plaintiffs have not filed such a motion.

- 4 -